FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 6, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DISTRICT

CHRIS WHITE             PLAINTIFF

v.          CASE NO. 17-2207

JON MARK SIMPSON
    individually and in his official capacity as Mayor;
THE CITY OF CLARKSVILLE, ARKANSAS, a municipality
    and political subdivision of the State of Arkansas
    d/b/a CLARKSVILLE POLICE DEPARTMENT
    d/b/a MARVIN VINSON BUILDING AND AQUATIC CENTER;
and these other individuals in their official and individual capacities:
JEFF ROSS, Clarksville Police Department, Sergeant
TOM COGAN, Parks and Recreation Director
MARY TOWNSEND, Clarksville Aquatic Center        DEFENDANTS

## COMPLAINT

COMES NOW the Plaintiff, Chris White ("Mr. White"), by and through his attorneys, Kevin R. Holmes, HOPKINS & HOLMES, PLLC, and for his claims and causes of action brought pursuant to the Title III of the Civil Rights Act and the Arkansas Civil Rights Act, against the above listed Defendants alleges and avers as follows:

### Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000(e), 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Title III of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), *et seq.* and the Arkansas Civil Rights Act A.C.A. § 16-123-101, *et seq.*

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Western District of Arkansas.

## Parties

3. Plaintiff, Chris White, is and was at all times relevant to the filing of this action a citizen and resident of 6 Parkway Drive, Clarksville, Johnson County, Arkansas.

4. Defendant, City of Clarksville, Arkansas *d/b/a* Clarksville Police Department, is a municipal corporation and political subdivision organized under the laws of the State of Arkansas. The City of Clarksville operates and governs the Clarksville Police Department and the Marvin Vinson Building and Aquatic Center. Upon information and belief, it is the policy and practice of the City of Clarksville to instruct its officers to follow the commands of the Mayor for the City of Clarksville, Parks and Recreation Director or other Aquatic Center employees, even when those commands would result in the clear, apparent, and obvious deprivation of the constitutional rights of the local citizenry.

6. Defendant, Jon Mark Simpson, is the current Mayor for the City of Clarksville, Arkansas, and is being sued individually and in his official capacity as Mayor. Mr. Simpson was the Mayor at all times relevant to this suit and was a policy and decision maker for the City of Clarksville.

7. Defendant, Tom Cogan, is the current Parks and Recreation Director for the City of Clarksville, Arkansas, and is being sued individually and in his official capacity as Director of Parks and Recreation. Mr. Cogan was the Director of Parks and Recreation at all times relevant to this suit and was a policy and decision maker for the City of Clarksville.

8. Defendant, Mary Townsend, is an employee for the City of Clarksville, Arkansas, at the Marvin Vinson Building and Aquatic Center and is being sued individually and in her official capacity as an employee of the City of Clarksville. Ms. Townsend was an employee

at all times relevant to this suit and was a policy and decision maker for the City of Clarksville.

7. The Defendant police officer, Officer Jeff Ross, is an upon information and belief, a resident of Clarksville, Johnson County, Arkansas (or one of the adjoining counties), and is being sued in his individual and official capacity.

## FACTS

8. At the time of the incidents relevant hereto, Plaintiff, Chris White, was a paying member of the Clarksville Aquatic Facility and visited said facility on a regular basis. Mr. White was known to the employees of the facility and discussed personal and business matters with them on a regular basis, including discussing his Christian beliefs.

9. Mr. White had repeated religious discussions with one employee in particular, Whitney Barnes, who informed Mr. White she did not believe in Jesus because of some of the experiences she had when she was a child battling cancer and seeing children in pain.

10. On December 16, 2016, Mr. White delivered to the Aquatic Center one card for the front desk staff and a wrapped present for Whitney Barnes. The present contained two bags of candy, a drink tumbler and a card that said "Merry Christmas Whitney, Jesus loves you, Chris." (A copy of the Note is attached hereto and incorporated by reference herein as Plaintiff's Exhibit "A.") The card contained the same message.

11. On the same date of the delivery of the Christmas gift, Ms. Barnes father, Shawn Woodward, contacted the Clarksville Police Department and made a report claiming that Mr. White was "harassing" his daughter. According to the report, "Ms. Barnes advised that she had spoken with Mary Townsend (manager) and Tom Cogan (director) in reference to Mr. White's

behavior." The report claims that "Mr. White has made sexual remarks to Ms. Barnes and other lifeguards while at the Aquatic Center. Ms. Barnes advised that Mr. White uses obscene language and has given her a unwanted hug in the past. On 12-16-16 Ms. Barnes received a wrapped present from Mr. White, which made her very uncomfortable." (A copy of the December 16, 2016, Clarksville Police Department Report is attached and incorporated by reference and Plaintiff's Exhibit "B.")

12. According to the Police Report, without any discussion or giving Mr. White the opportunity to provide his side of the story, Officer Jeff Ross, in collaboration with Mary Townsend and Tom Cogan, made the decision that "Mr. White would be banned from the facilities due to his actions that violated the policies that have been adopted by the Aquatic Center/Marvin Vincent(sic) Center." (See Exhibit "B".)

13. On December 16, 2016, Sargent Jeff Ross, in his official capacity as a member of the Clarksville Police Department, sent a letter to Mr. White claiming "pursuant to the policy and procedures of the Marvin Vincent(sic) Building including the Aquatic Center" he was "not permitted to enter the premises of or upon the property." The letter states it is a "permanent ban from the property." The letter does not outline which "policy and procedure" he violated or does not provide Mr. White any due process rights. (A copy of the December 16, 2016, letter from Jeff Ross is attached hereto and incorporated by reference herein as Plaintiff's Exhibit "C.")

14. Since December 16, 2016, Mr. White has been unable to use the public facilities at the Marvin Vinson Building. Mr. White has significant health issues that benefit from swimming, and he has been unable to find a similar facility for the same cost to swim. Mr.

White has also not been given a refund of the services he had paid to the City of Clarksville for use of the facility, even though he was arbitrary banned from said facility. In addition, Mr. White is a registered voter in Johnson County, Arkansas, whose polling place for voting is the Marvin Vinson Building in Clarksville, Arkansas. Furthermore, the Marvin Vinson Building is used to administer community flu shots and other activities that Mr. White has been further denied the right to attend by the permanent ban.

## Count I - Title III of the Civil Rights Act

15. Paragraphs 1 through 14 are reincorporated herein as if fully set out word for word.
16. The Defendants, individually and in their official capacity as employees of the City of Clarksville, initiated action against the Plaintiff for exercising his rights under the United States Constitution and federal and state law to discuss religion in an open forum. Mr. White was never reprimanded or otherwise written up before he provided Ms. Barnes a gift that included a note that said "Jesus Loves You."
17. It is clear that the Defendants' actions against Mr. White by issuing him a permanent ban from the Marvin Vinson Aquatic Center, without justification and due process, is a violation of Title III of the Civil Rights Act.
18. As a result of Defendants' unlawful actions, Plaintiff has been deprived of all the benefits and privileges of use of the Aquatic Center and Marvin Vinson Building and is entitled to such affirmative relief as may be appropriate under 42 U.S.C. § 2000, including economic damages and punitive damages in an amount to be established at trial, injunctive relief, attorneys' fees, and court costs.

### Count II - Arkansas Civil Rights Act

19. Paragraphs 1 through 18 are reincorporated herein as if fully set out word for word.

20. Defendants' disparate treatment of Plaintiff, based on his religion, is in direct violation with the Arkansas Civil Rights Act of 1993 ("ACRA"), A.C.A. §16-123-103.

21. As a result of Defendants' unlawful actions, Plaintiff is entitled to compensatory and punitive damages as may be established at trial.

### Count III - 42 U.S.C. §1983 Claim

22. Paragraphs 1 through 21 are reincorporated herein as if fully set out word for word.

23. Defendants' disparate treatment of Plaintiff, based on his religion, is in direct violation of 42 U.S.C. §1983, and the Defendants' acted under color of their titles as police officers, politically elected individuals and politically appointees to deprive the Plaintiff of rights and privileges secured by the United States Constitution, including the right of freedom of religion, freedom of association and the right to vote.

24. As a result of Defendants' unlawful actions, Plaintiff is entitled to compensatory and punitive damages as may be established at trial.

25. Plaintiffs hereby requests a jury trial.

**WHEREFORE**, Plaintiff pray that this Court declare and enter judgment against and enjoin Defendants as specified in this Complaint and award Plaintiff damages, attorneys' fees and costs plead herein, including but not limited too:

    (a)    Statutory damages in an amount to be determined at trial;

    (b)    For an Order directing the Defendants to reinstate Plaintiff's privileges at the Marvin Vinson Building and Aquatic Center;

(c)   For the costs of suit, including an award of reasonable attorneys' fees;

(d)   For such other and further relief as may be just and proper.

Respectfully submitted,
CHRIS WHITE

By: _/s/ Kevin R. Holmes_
Kevin R. Holmes
HOPKINS & HOLMES, PLLC
402 E. Main Street
P.O. Box 7359
Van Buren, Arkansas 72956
Phone: (479) 922-2175
Fax:    (479) 922-2176

## VERIFICATION

STATE OF ARKANSAS )
~~COUNTY OF CRAWFORD~~ Johnson )

Chris White being first duly sworn and on oath, states: That I have read the above and foregoing document, and that the matters and things stated therein are true and correct to the best of my knowledge, information and belief.

_____
Chris White

Subscribed and sworn to before me the undersigned Notary Public this ___1___ day of November, 2017.

_____
Notary Public

My Commission expires: 12-19-2018

